THE LAW OFFICE OF CHRISTIAN FENTON
CHRISTIAN FENTON, SBN 272321
5703 Oberlin Drive, Suite 201
San Diego, California 92121
Telephone (619) 866-6338
cfenton@christianfentonlaw.com

Attorney for Plaintiff TURN-KEY-TECH, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURN-KEY-TECH, LLC, a California limited liability company, <br><br> Plaintiff, <br> v. <br><br> CLARBLANC, LLC, a Massachusetts Limited Liability Company; and DOES 1 – 100, <br><br> Defendants. | Case No. '16CV2126 AJB KSC <br><br> **COMPLAINT FOR PATENT INFRINGEMENT; EXHIBITS A-B** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff TURN-KEY-TECH, LLC ("TURNKEY"), for its Complaint against Defendants alleges as follows:

**THE PARTIES**

1. TURNKEY is a California limited liability company, and owner of all rights to United States Patent No. 6,960,316 (hereinafter the "'316 patent"). A true and correct copy of the '316 patent is attached hereto as Exhibit A.

2. Defendant CLARBLANC, LLC ("CARBLANC") is a limited liability company organized under the laws of Massachusetts, and having a principal office

1   located at 365 Boston Post Rd., Suite 332, Sudbury, Massachusetts 01776.

3. Defendants DOES 1 – 100 are other persons or entities, presently unidentified, that have also been engaged, directly or indirectly, in the manufacture, import, sale, and/or offer for sale in the United States of the products accused of a substantial likelihood of infringement herein.

4. On information and belief, Defendants have acted as agents of one or more of each other during some or all of the times relative to the subject matter of this Complaint.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America, Title 35, United States Code. Jurisdiction is founded on Title 28, United States Code §§ 1331, 1332(a), and 1338(a).

6. On information and belief, venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts with a substantial likelihood of patent infringement in this District.

7. This Court has personal jurisdiction over Defendants because they have manufactured within, imported into, offered for sale, and/or sold products with a substantial likelihood of infringement in this District.

## CLAIM FOR RELIEF
### (Patent Infringement)

8. TURNKEY re-alleges and incorporates herein by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. The '316 patent, entitled "Injection-Molded Plastic Container or Closure with Turned-Under Rim and Method of Injection-Molding the Same," was issued on November 1, 2005.

10. On information and belief, Defendants have, within the past six years, made, imported into, sold or offered for sale within the United States and this District, products for which plastic component parts bear a substantial likelihood of

being manufactured through processes which incorporate all elements of at least Claim 1 of the '316 patent (hereinafter "Accused Products").

11. The Accused Products include the products specifically identified below, and any other of Defendants' products sold under any name which were manufactured utilizing the same or similar processes, including but not limited to, any other product manufactured using the same or a similar injection mold as any of the following products:

**Cat's Tongue Heavy Duty Cleaning Towels (30)**

12. Defendant CLARBLANC has not obtained a license or any other valid authorization for import, sale, or offer for sale in the United States of products manufactured through use of the '316 patented process.

13. Defendants have been on constructive notice of the '316 patent at least since its issuance on November 1, 2005.

14. Defendant CLARBLANC has been on actual express notice of the '316 patented process since at least June 3, 2014.

15. On information and belief, Defendants have engaged in design, manufacture, import, selling, and/or offering for sale within the United States, including this District, products that bear a substantial likelihood of being manufactured employing the '316 patented process.

16. On information and belief, the Accused Products identified herein and as-yet-unidentified products manufactured through the same or substantially similar processes meet all the structural elements and thus bear a substantial likelihood of having been manufactured through processes incorporating all elements of at least Claim 1 of the '316 patent. Plaintiff's allegation is based upon a thorough physical inspection and analysis of actual specimens of the identified Accused Product, as well as a comparison of the structural elements of the identified Accused Product

against the elements of Claim 1 of the '316 patent.

17. None of Defendants have obtained a license or any other authorization from Plaintiff for manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the '316 patented process.

18. The notice to Defendant CLARBLANC dated April 27, 2016 from Plaintiff provided Defendant CLARBLANC with drawings and an associated claim chart demonstrating the substantial likelihood of infringement of the '316 patented process by the manufacture, import, sale and/or offer for sale in this District and the United States of the identified Accused Products and all other of said Defendant's products manufactured with processes which incorporate all elements of at least Claim 1 of the '316 patent. A true and correct copy of that notice to Defendant CLARBLANC is attached hereto as Exhibit B.

19. The evidence and discussion provided to Defendant CLARBLANC in that notice demonstrate the substantial likelihood that the Accused Products were manufactured using a process which incorporates each element of at least Claim 1 of the '316 patent, and is incorporated by reference herein.

20. Plaintiff has requested that Defendant CLARBLANC, pursuant to 35 U.S.C. § 295, provide the factual information necessary to verify the manufacturing process used to make the Accused Products.

21. To date, Defendant CLARBLANC has not produced any evidence demonstrating the actual process used to manufacture any of the Accused Products.

22. Reasonable efforts have been made by Plaintiff to obtain the process information for the Accused Products, providing Defendants with an opportunity to prove that the Accused Products were not manufactured employing the '316 process.

23. On information and belief, based upon the substantial likelihood of infringement as discussed above, Defendants made, used, imported, sold and/or offered for sale within the United States and this District, during the past six years, the Accused Products bearing a substantial likelihood of being manufactured using

the '316 patented process, without authority to do so, in violation of 35 U.S.C. § 271, knowingly and in wanton and willful disregard of Plaintiff's '316 patent rights.

24. On information and belief, based on the substantial likelihood of infringement as discussed above, Defendants contributed to the likely infringement of the '316 patent and actively induced others to likely infringe the '316 patent by virtue of making, importing, selling, using and/or offering for sale within the United States and this District, in violation of 35 U.S.C. § 271, Accused Products bearing a substantial likelihood of being manufactured using the '316 patent process in wanton and willful disregard of Plaintiff's '316 patent rights.

25. Based on the acts of Defendants and the substantial likelihood of infringement as discussed above, the conduct of Defendants makes this an exceptional case within the meaning of 35 U.S.C. § 285.

26. Based on the substantial likelihood of infringement as discussed above, Plaintiff has likely suffered damages by reason of Defendants' likely infringing conduct alleged hereinabove, in an amount that constitutes at least a reasonable royalty for all of Defendants' sales of the Accused Products during the past six years, and for future sales during the enforcement period of the '316 patent, according to proof at trial.

27. Based upon the substantial likelihood of infringement as discussed above, the reasonable royalty owed to TURNKEY from Defendants should be trebled on account of the willful likely infringement by Defendants, and according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** TURNKEY prays that judgment be entered as follows:

a. That the Accused Products are presumed to infringe the '316 patent pursuant to 35 U.S.C. § 295;

b. That Defendants are adjudicated and decreed to have thus infringed the '316 patent;

c. That Defendants are adjudicated and decreed to have thus contributed to the infringement of the '316 patent and to have thus induced others to infringe the '316 patent;

d. That Defendants are ordered to account for damages adequate to compensate Plaintiff for thus infringing the '316 patent, thus contributorily infringing the '316 patent, and thus inducing infringement of the '316 patent, according to proof at trial, and that such damages are awarded to Plaintiff;

e. That such damages as are awarded are trebled by the Court pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of that infringement;

f. That this case is decreed an "exceptional case" and that Plaintiff is awarded reasonable attorneys' fees by the Court pursuant to 35 U.S.C. § 285;

g. For interest thereon at the legal rate;

h. For costs of suit herein incurred; and

i. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

TURNKEY respectfully requests that its claims be tried to a jury.

DATED this Tuesday, August 23, 2016.

TURN-KEY-TECH LLC, Plaintiff

s/ CHRISTIAN FENTON
Christian Fenton
Attorney for Plaintiff